**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**A.E.R. CONSTRUCTION, INC.,**

    Plaintiff,

v.                                               **CIVIL ACTION NO. 3:07-CV-40
(BAILEY)**

**TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA and THE
ST. PAUL TRAVELERS COMPANIES, INC.,
successor in interest to TRAVELERS
CASUALTY & SURETY COMPANY OF
AMERICA,**

    Defendants.

## MEMORANDUM ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR STAY PENDING ARBITRATION, GRANTING, IN PART, DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS OR STAY AND GRANTING DEFENDANTS' MOTION TO STRIKE

Pending before this Court are Defendants' Motion to Dismiss or Stay Pending Arbitration (Doc. 10), Defendants' Supplemental Motion to Dismiss or Stay (Doc. 17) and Defendants' Motion to Strike Plaintiff's Sur-Reply in Opposition to Defendants' Supplemental Motion to Dismiss or, Alternatively, For Leave to File Response to Plaintiff's Sur-Reply (Doc. 23). The parties now having fully briefed the issues presented by the first two motions, the same are ripe for decision.

**Statement of Facts and Procedural History**

This case involves a claim made upon a payment bond issued by the defendants, in connection with the construction of South Jefferson High School in Jefferson County,

1

West Virginia. This action was filed by A.E.R. Construction, Inc. (hereinafter "A.E.R."), a subcontractor on the project, against Travelers Casualty & Surety Company of America and The St. Paul Travelers Companies, Inc., its successor in interest (hereinafter "Travelers"), the company that issued a payment bond to the general contractor, Waynesboro Construction Co., Inc. (hereinafter "Waynesboro"). Waynesboro was not included as a party in this action.

**Arbitration**

The Defendants' Motion to Dismiss or Stay Pending Arbitration (Doc. 10) seeks to enforce an alleged agreement to arbitrate found in the contract documents. The general construction contract between the Jefferson County Board of Education (hereinafter "Board of Education") and Waynesboro dated as of February 10, 2006, states in ¶ 9.1.2 that the general conditions of that contract include AIA Doc A201/CM Construction/Manager-Advisor Edition. These general conditions include, in ¶ 4.9.1, a requirement that any dispute be submitted to arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. However, on December 6, 2005, the architect for the project issued "Addendum Bulletin No. 1," which made certain corrections and additions to the project manual. Among the corrections and deletions was a deletion of ¶ 4.9 in its entirety and the substitution of language requiring that unresolved disputes be filed in the appropriate circuit court. Based upon the foregoing, this Court finds that the general contract between the Board of Education and the general contractor does not contain a valid and enforceable arbitration clause.

The subcontract between Waynesboro and A.E.R. contains two provisions upon which the defendants rely. First, the subcontract provides that all of the terms of the

general contract are incorporated into the subcontract.  This provision provides no support for the defendants, inasmuch as this Court has found that the general contract contains no enforceable arbitration clause.  The second provision, ¶ 28 of the "Additional Provisions of Subcontract," requires that any disputes be submitted to arbitration *as provided in the general contract*.  Since the general contract does not provide for arbitration, this provision also provides no support.

Finally, the defendants rely upon the terms of the payment bond itself, which was executed on February 16, 2006.  The bond does incorporate the terms of the construction contract in general terms, but, as noted above, the general contract contains no enforceable arbitration provision.  In fact, the payment bond provides that no suit may be filed upon the bond except in the jurisdiction where the project is being constructed.

Section 2 of the Federal Arbitration Act ("FAA") provides that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.

'A party can compel arbitration if he establishes: "'(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute.'" **Adkins v. Labor Ready, Inc.,** 303 F.3d 496, 500-01 (4th Cir. 2002) (quoting **Whiteside v. Teltech Corp.,** 940 F.2d 99, 102 (4th Cir.1991)).' **American General Life & Accident Ins. Co. v. Wood**, 429 F.3d 83, 87 (4th Cir. 2005).

'Generally, "[t]he FAA reflects 'a liberal federal policy favoring arbitration

agreements.'" ***Adkins***, 303 F.3d at 500 (quoting ***Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.***, 460 U.S. 1, 24 (1983)). Indeed, the FAA serves as "a response to hostility of American courts to the enforcement of arbitration agreements, a judicial disposition inherited from then-longstanding English practice." ***Circuit City Stores, Inc. v. Adams***, 532 U.S. 105, 111 (2001) (citing cases). Moreover, the FAA was intended to "create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." ***Moses H. Cone Mem'l Hosp.***, 460 U.S. at 24.' ***Id.***

"Generally, 'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.' ***United Steelworkers v. Warrior & Gulf Navigation Co.***, 363 U.S. 574, 582 (1960); *see also* ***AT & T Technologies, Inc. v. Communications Workers***, 475 U.S. 643, 648 (1986). While a contract cannot bind parties to arbitrate disputes they have not agreed to arbitrate, '[i]t does not follow ... that under the [Federal Arbitration] Act an obligation to arbitrate attaches only to one who has personally signed the written arbitration provision.' ***Fisser v. International Bank***, 282 F.2d 231, 233 (2d Cir.1960). Rather, a party can agree to submit to arbitration by means other than personally signing a contract containing an arbitration clause." ***International Paper Company v. Schwabedissen Maschinen & Anlagen GMBH***, 206 F.3d 411, 416 (4th Cir. 2000).

"It is well settled that, under the Federal Arbitration Act, an agreement to arbitrate may be validly incorporated into a subcontract by reference to an arbitration provision in a general contract. *See* ***J.S. & H. Construction Co. v. Richmond County Hospital Authority***, 473 F.2d 212, 216-17 (5th Cir.1973); ***Starr Electric Co. v. Basic Construction***

4

*Co.,* 586 F.Supp. 964, 968-69 (M.D.N.C.1982); *Vespe Contracting Co. v. Anvan Corp.,* 399 F.Supp. 516, 520-21 (E.D.Pa.1975); *Bigge Crane & Rigging Co. v. Docutel Corp.,* 371 F.Supp. 240, 243 (E.D.N.Y.1973)." *Maxum Foundations, Inc. v. Salus Corporation*, 779 F.2d 974, 978-79 (4th Cir. 1985).

A court is required to "resolve 'any doubts concerning the scope of arbitrable issues ... in favor of arbitration.'" *Hill v. PeopleSoft USA, Inc.,* 412 F.3d 540, 543 (4th Cir. 2005) (quoting *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 24-25).

"Although federal law governs the arbitrability of disputes, ordinary state-law principles resolve issues regarding the formation of contracts. *Hill,* 412 F.3d at 543 (citing *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995); *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 24).

State-law principles derived from West Virginia law cannot be used to invalidate the Agreement based solely on the fact that it contains an arbitration provision. "The Supreme Court has made clear that 'state law, whether of legislative or judicial origin, is applicable *if* that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally.' *Perry* **[***v. Thomas***]***,* 482 U.S. [483,] at 492 n. 9 (stating further that '[a]n agreement to arbitrate is valid, irrevocable, and enforceable, *as a matter of federal law* ... ') (citing *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 24); *see* 9 U.S.C. § 2." *American General, supra* at 90.

An application of the above authority to the facts of this case reveals that there is no valid and enforceable arbitration agreement governing the defendants. Inasmuch as the Board of Education and Waynesboro had no valid arbitration clause due to the Addendum

5

issued by the Board of Education's architect and inasmuch as the other agreements incorporated the terms and conditions of the general contract, there could be no incorporated arbitration clause.

Even if there were a valid arbitration clause in the general contract, the efficacy of such a clause would be questionable under **Argrow Oils, L.L.C. v. National Union Fire Insurance Company of Pittsburgh, PA**, 242 F.3d 777 (8th Cir. 2001). In **Argrow**, the owner brought suit against the surety of a construction contract. The surety sought to enforce arbitration under the contract between the owner and the contractor, which was incorporated by reference into the bond. The district court found that there was no valid arbitration agreement, and the Eighth Circuit affirmed on that issue.

The bond in that case, like the bond in this case, incorporated the construction contract, but also had a provision that any action was to be instituted in the jurisdiction where the work was located. The Eighth Circuit, after an extensive discussion, was "unwilling to construe an incorporation clause whose obvious purpose was to clarify the extent of the surety's secondary obligation as also reflecting a mutual intent to compel arbitration of all disputes between the surety and the obligee under the bond." 242 F.3d at 782.

Based upon the foregoing, this Court will deny the Defendants' Motion to Dismiss or Stay Pending Arbitration (Doc. 10).

**Supplemental Motion to Stay**

The Defendants' Supplemental Motion to Dismiss or Stay (Doc. 17) seeks dismissal or stay of this action due to the pendency of a civil action between A.E.R. and Waynesboro

6

in the Circuit Court of Jefferson County, West Virginia. Under the provisions of West Virginia Code § 45-1-1, *et seq.*, Travelers demanded that A.E.R. institute an action against Waynesboro to seek recovery on the underlying claims.[1]

A.E.R. complied with the demand and, on July 30, 2007, filed a complaint against Waynesboro in the Circuit Court of Jefferson County (Civil Action No. 07-C-276). In that action, A.E.R. seeks to recover directly from Waynesboro the damages arising from Waynesboro's alleged breach of the construction contract. These are the same substantive issues presented in the present action.

It appears to this Court that a resolution of the underlying issues presented in the underlying case will have a distinct bearing on this action and will to some extent control its resolution. In fact, proceeding in this action could expose either party to the danger of inconsistent verdicts. For this reason and for the interests of judicial economy, this Court will stay this action pending a resolution of the action pending in Jefferson County, West Virginia.

---

[1]West Virginia Code § 45-1-1 provides as follows:
The surety, guarantor or indorser (or his committee or personal representative) of any person bound by any contract may, if a right of action has accrued thereon, require the creditor (or his committee or personal representative), by notice in writing, forthwith to institute suit thereon; and if he be bound in a bond with collateral condition or for the performance of some collateral undertaking, he shall also specify in such notice the breach of the condition or undertaking for which he requires suit to be brought.

West Virginia Code § 45-1-2 provides as follows:
If such creditor or his committee or representative shall not, within a reasonable time after such notice, institute suit against every party to such contract who is a resident in this State, and not insolvent, and prosecute the same with due diligence to judgment and by execution, he shall forfeit his right to demand of such surety, guarantor or indorser or his estate, and all his cosureties and their estates, the money due by any such contract for the payment of money, or the damages sustained by any breach of the collateral condition or undertaking specified as aforesaid. But the conditions, rights, and remedies against the principal debtor shall remain unimpaired thereby.

**Motion to Strike**

Finally, the defendants have filed Defendants' Motion to Strike Plaintiff's Sur-Reply in Opposition to Defendants' Supplemental Motion to Dismiss or, Alternatively, For Leave to File Response to Plaintiff's Sur-Reply (Doc. 23). The primary basis of this motion is that the sur-reply memorandum was filed without leave of Court and in violation of the Local Rules of this Court. This Court is compelled to agree. Leave to file a sur-reply was neither sought nor given. Local Rule of Civil Procedure 7.02 provides for an initial memorandum, a memorandum in response, and a reply memorandum. No further memoranda are authorized, unless leave is given by the Court.

**Conclusion**

For the reasons stated above, this Court **DENIES** Defendants' Motion to Dismiss or Stay Pending Arbitration (Doc. 10).

This Court further **GRANTS, IN PART, AND DENIES, IN PART** Defendants' Supplemental Motion to Dismiss or Stay (Doc. 17). This action shall be **STAYED** pending resolution of the case currently pending in the Circuit Court of Jefferson County, West Virginia. Counsel for the parties are **ORDERED** to advise this Court upon resolution of the State case.

Finally, this Court **GRANTS** Defendants' Motion to Strike Plaintiff's Sur-Reply in Opposition to Defendants' Supplemental Motion to Dismiss or, Alternatively, For Leave to File Response to Plaintiff's Sur-Reply (Doc. 23).

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record

herein.

**DATED:** October 17, 2007.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE